

## Request for Resolution
## Christopher & Banks, Inc.
## H5148

**February 26, 2008**

#### **** CONFIDENTIAL ****

| Date Appeal Rec'd: | 01/23/08 | Patient Name: | Ralph C. Neal |
|---|---|---|---|
| Dates Processed: | 4/25/06 – 11/13/07 | Claim Numbers: | Multiple |
| Participant: | Ralph C. Neal | Total Billed Charges: | $666,623.69 |
| Provider Name: | Multiple | Client Due Date: | 03/18/08 |
| Dates of Service: | 04/05/06 – 10/29/07 | DOL Due Date | 03/21/08 |

**Reason for appeal:**
The transplant and all related charges were denied after Coventry Medical Review determined that the patient did not meet transplant criteria.

**Employee/Provider summary (See attached appeal letter):**
Attorney Liebmann, Conway, Olejniczak & Jerry, S.C. is appealing on behalf of Mr. Ralph C. Neal for reconsideration of the denied liver-kidney transplant and related charges. They have submitted 1,977 pages of medical records for review to support the denied services.

**Comments from research:**
NOTE: If you would like a copy of the medical records (1,977 pages) please email jacqueschwartz@cvty.com and these records can be provided via email or regular mail.

Mr. Ralph C. Neal incurred charges for a combined liver-kidney transplant and multiple related charges. These charges were incurred between April 5, 2006 and October 29, 2007. The transplant was completed on April 7, 2006. A prior authorization was completed and the transplant was denied on March 23, 2006 prior to services being rendered.

Although the attorney's letter indicates they are awaiting for additional records from Bellin Hospital, these records would have no impact on the liver/kidney transplant review as these services were rendered after the transplant date of April 7, 2006. Substantial medical records were received from the University of Wisconsin Hospitals where the transplant was performed and a thorough medical review was completed based on this appeal for the liver/kidney transplant non-certification.

#### Timeline of events:

**December 16, 2005**
- Transplant evaluation was started with Froedtert Hospital.                    **Exhibit I**

**March 10, 2006**
- University of Wisconsin Hospital and Clinics requested approval for a liver/kidney transplant. Christopher & Banks, Inc., granted an exception for the patient to receives services from out-of-network providers with the transplant to be performed at University of Wisconsin Hospital and Clinics. The hospital was notified of the client exception.

**March 21, 2006**



- Client exception was received via fax. Transplant Services to be provided at University of Wisconsin; services should be paid at the Coventry Health Care National Transplant Program level of benefits.

**March 23, 2006**
- Medical Director reviewed the clinical records and issued a clinical non-certification for the liver/kidney transplant. It was determined that the patient did not meet transplant criteria.
- Rational for the non-certification: 59 yr old has alcoholic cirrhosis with concomittant renal failure. He has only been abstinent from alcohol for 6 weeks. He has ascites as well as hepatic hydrothorax. MELD=39. Cause of renal failure is thought to be hepatorenal syndrome. By definition this patient is considered an active alcohol user and is not a transplant candidate.
- The hospital was notified of the non-certification by phone and correspondence.
- Christopher & Banks was notified of the non-certification and a reversal of the plan exception was done. A revised non-certification letter was sent to the provider and the member.

**April 7, 2006**
- Liver/Kidney transplant was completed. Multiple follow up inpatient admissions and charges were incurred as a result of the transplant.

**April 25, 2006 – November 13, 2007**
- Coventry Health Care denied multiple transplant and transplant related claims.

**May 8, 2007**
- The member requested the clinical rationale for the transplant non-certification.

**May 16, 2007**
- The clinical rational was provided to the member via correspondence.

**September 26, 2007**
- Coventry received an "appeal of clinical non-certification" letter dated Sept. 19, 2007 from Attorneys Liebmann, Conway, Olejniczak & Jerry, S.C. Copy of letter attached.

**October 24, 2007**
- The attorney's office was contacted based on their "appeal of clinical non-certification" received on September 26, 2007 via phone and was advised that a pre-service appeal of clinical non-certification was irrelevant as the patient had services rendered in April 2006. They were also advised of the Plan's DOL 180 day appeal filing limitation. Attorney's office advised that they will clarify their intent to appeal the denied claims and will submit all clinical for review.

**October 31, 2007**
- Mr. Neal's attorney faxed a letter of intent dated Oct 30, 2007 to appeal the denied claims. Copy of letter attached.

**November 12, 2007**
- A response to the attorney's letter received on October 31, 2007 was sent. Copy of letter attached.



COVENTRY
Health Care

**November 29, 2007**
- Coventry received a fax letter from attorney's office dated Nov. 29, 2007 requesting additional information based on Coventry Health Care response dated November 12, 2007. Copy of letter attached.

**December 3, 2007**
- Response to attorney regarding letter dated November 29, 2007. Copy of letter attached.

**January 23, 2008**
- Coventry received the attorney's letter of appeal dated Jan. 17, 2008 along with 1,977 pages of clinical has been received to be processed and considered as a formal appeal.

On February 14, 2008 the case was sent to MCMC (outside independent reviewer) for a review of the liver/kidney transplant based on the post-service appeal and the clinical documentation received on January 23, 2008. The review was completed on February 22, 2008 by MCMC in which they have concurred and recommended that the liver/kidney transplant be deemed as a non-covered benefit under the plan.

**MCMC's Review:**
**Recommendation:**
1. "It is not medically necessary to perform a Liver/Kidney transplant."

2. "The performed transplant does not meet all the elements of criteria of the Plans definition of medically necessary."

**Rationale**
"Liver transplantation for alcoholic liver disease has always been a difficult issue. Based on early data on recidivism (University of Pittsburgh, University of Michigan) virtually all liver transplant programs and insurance companies have instituted a minimum six-month period of abstinence."

"Many articles continue to insist that the "six month rule" is arbitrary. Even the United Network for Organ Sharing (UNOS) listing criteria do not require a six month abstinent period. However, with that being said all proponents of a flexible policy advocate the significance of the interaction between patient, transplant psychiatrist, transplant social worker and transplant coordinator. The current patient did not even undergo a psychiatric evaluation or social work evaluation. "Nurse coordinator states they do not feel the patient needs a psychiatric evaluation or clearance since he does not have any history of mental illness (pg 886)." Based on the notes provided it is quite unlikely that the patient had any insight into his disease process in April of 2006. He underwent surgery for pancreatitis secondary to alcohol in March of 2005 and continued to drink. He was seen for a transplant evaluation in December of 2005 and continued to drink."

In addition to the appeal non-certification a portion of the claims being appealed which were processed between April 25, 2006 and July 18, 2007 are considered to be a late appeal. The formal letter of appeal with complete medical records was not received until January 23, 2008. Based on the Department of Labor guidelines as outlined under the Plan the provider and/or member has 180 days of the claim denial to submit an appeal.

CB 000307



**COVENTRY**
*Health Care*

**Claims Processing:**
The total billed charges are $666,623.69 for claims with dates of service from April 5, 2006 through October 29, 2007 that were considered and denied from April 25, 2006 through November 13, 2007. The amount that has been denied as being transplant related is $517,988.20. The amount of $108,598.63 was paid as these charges were determined as not being transplant related. The total patient responsibility is $518,388.20. This represents the non-covered charges and the $400.00 annual deductible. A spreadsheet is attached for your reference.

**Plan exclusion/limitation:**

**Transplant Services Not Covered**

- Services, supplies, drugs and aftercare for, or related to, artificial or non-human organ implants or transplants.

- Services that are considered *investigational/experimental* or not *medically necessary*.

- Expenses for services which are specifically excluded under the Medical Expenses Not Covered section of this plan, unless a part of a treatment plan approved through the Health Care Management Services case management program.

### Medical Expenses Not Covered

The plan will not provide benefits for any of the items listed in this section, regardless of medical necessity or recommendation of a health care provider. This list is intended to give you a description of expenses for services and supplies not covered by the plan.

- Services, supplies or treatment not medically necessary.

### DEFINITIONS

The following terms define specific wording used in this plan. These definitions should not be interpreted to extend coverage unless specifically provided for under previously explained provisions of this plan.

**Medically Necessary (Medical Necessity)**
Medically necessary services and/or supplies the plan administrator determines, in the exercise of its discretion, to be:

1. Medically appropriate, which means that the expected health benefits (such as increased life expectancy, improved functional capacity, prevention of complications, relief of pain) exceed the expected health risks by a sufficiently wide margin;

2. Necessary to meet the basic health needs of the patient as a minimum requirement;

3. Rendered in the most cost-efficient manner and setting appropriate for the delivery of the health service;



4. Consistent in type, frequency and duration of treatment with scientifically-based guidelines of national medical research, professional medical specialty organizations or governmental agencies that are accepted by the plan;

5. Consistent with the diagnosis of the condition;

6. Required for reasons other than the comfort or convenience of the patient or his or her physician; and,

7. Of demonstrated value based on clinical evidence reported by peer reviewed medical literature and by generally recognized academic medical experts; that is, it is not investigational/experimental.

A treatment, procedure, service or supply must meet all of the criteria listed above to be considered medically necessary and to be eligible for coverage under this plan. In addition, the fact that a health care provider has prescribed, ordered or recommended a treatment, procedure, service or supply does not, in itself, mean that it is medically necessary as defined above.

**The Plan provides an appeal process as identified below.**

"HOW TO APPEAL A DENIAL OF BENEFITS"

"Written Appeal:

Within <u>180 days of receipt of the notice of the claim denial</u> or clinical non-certification, you may request, in writing, that the plan conduct a review of the processed claim. However, for an appeal of a clinical non-certification of a request for certification involving urgent care, you or your health care provider may appeal verbally. All requests for a review of claim denial or clinical non-certification should include a copy of the initial denial letter and any other relevant information (e.g. written comments, documents, articles or records). Any discrepancies between a benefit description in the plan document and the way a claim was processed will be corrected promptly. The contract administrator will provide all relevant information to the plan administrator. Upon receipt of the appeal information from the contract administrator, the plan administrator will:

1. Review all comments, documents, records, and other information
2. Consult with an appropriate health care professional if the claim was denied because it was not considered medically necessary, or the service was considered investigational/experimental. You may request the name of the health care professional who was consulted;
3. Request additional information necessary to review the appeal. You should provide the information as soon as possible;
4. Use discretionary authority in making an appeal determination, however, such discretionary authority will be consistent with determinations for similarly situated plan participants; and
5. Provide notice of the appeal determination in writing, or orally, where appropriate

CB 000309



Send all written information to the contract administrator:

Coventry Health Care
P.O. Box 8400
London, KY 40742

Requests for appeal which do not comply with these procedures will not be considered, except in extraordinary circumstances. You will be notified if the appeal request has not been considered and you will be allowed to present evidence of why the appeal should be considered.

Because claims filing periods and appeals periods may overlap, the plan will coordinate appeals of clinical non-certifications, claims for payment of benefits and appeals of claims for payment of benefits. If you submit an appeal for a clinical non-certification but have already received the services which are the subject of the appeal, and Coventry Health Care has received a claim for benefits while the appeal is under consideration, the appeal will be reviewed as follows:

1. The appeal will be consolidated and all submitted information will be taken into consideration when the claim for benefits is reviewed. A notice of claim determination will be provided. If the claim for benefits is denied, you may file a final appeal of the claim denial; and

If the claim for benefits was already denied prior to your submitting the appeal of a clinical non-certification, the plan will consider this your appeal of the claim for benefits denial.

The plan administrator will notify you of the final decision within a reasonable time period, but not later than:

1. 72 hours for an oral appeal of a clinical non-certification for a request for certification involving urgent care;

2. 30 days for all appeals of a clinical non-certification which are not considered to fall under No. 1 above;

3. 60 days for all other appeals.

**Impact of Decision (monetary):**
Should you choose to overturn the adverse benefit determination by providing an exemption to the Plan, we would issue benefits in accordance with the provider's contractual rates for the services billed.

**Recommendation by Coventry Health Care:**
The original benefit determination should be upheld as the claims were adjudicated according to the Plan guidelines as outlined in the above plan exclusion.

If you have questions or need additional information, please contact Jacque Schwartz, Supervisor, Corporate Appeals, at 480-445-6804 or jacqueschwartz@cvty.com. You may e-mail or fax your final determination response to 480-445-4806.

Sincerely,
Coventry Management Services, Inc.
DC
Appeal dcn# 6802373270 with attachments



CC O V E N T R Y
Health Care

appeal dcn# 6802373270

| Date Appeal Rec'd: | 01/23/08 | Patient Name: | Ralph C. Neal |
|---|---|---|---|
| Dates Processed: | 4/25/06 – 11/13/07 | Claim Numbers: | Multiple |
| Participant: | Ralph C. Neal | Total Billed Charges: | $666,623.69 |
| Provider Name: | Multiple | Client Due Date: | 03/18/08 |
| Dates of Service: | 04/05/06 – 10/29/07 | DOL Due Date | 03/21/08 |

Please use this authorization to instruct Coventry Health Care of your intent regarding this appeal as well as informing us whether you want to make a one-time, full or partial exemption to your plan document. Your signature and accompanying information will allow us to properly complete this appeal. **In order to comply with the Department of Labor's claims regulations, it is necessary for us to receive your response by March 20, 2008. Please return to: Coventry Health Care, 4141 N. Scottsdale Rd., Scottsdale, AZ, 85251 Attn: Jacque Schwartz, Supervisor Corporate Appeals or fax to (480) 445-4806.**

### Original Benefit Determination Upheld

I _____ direct Coventry Health Care to uphold the initial
*(Printed name and title)*

benefit determination that was made in accordance to Christopher & Banks, Inc., summary plan document.

_____ _____
*(Signature)* *(Date)*

### Original Benefit Determination Overturned

I _____ direct Coventry Health Care to overturn the initial
*(Printed name and title)*

benefit determination. In accordance to Christopher & Banks, Inc., summary plan document, the following service and/or procedures identified below:

_____

_____

are eligible for reimbursement under the provision which states:

_____

_____

_____

**If it is determined that the benefits noted above are not listed in your summary plan document by signing you acknowledge that you are aware charges authorized may not be allowable under the terms of your Stop- Loss Reinsurance.**

_____ _____
*(Signature)* *(Date)*



appeal dcn# 6802373270

| Date Appeal Rec'd: | 01/23/08 | Patient Name: | Ralph C. Neal |
|---|---|---|---|
| Dates Processed: | 4/25/06 – 11/13/07 | Claim Numbers: | Multiple |
| Participant: | Ralph C. Neal | Total Billed Charges: | $666,623.69 |
| Provider Name: | Multiple | Client Due Date: | 03/18/08 |
| Dates of Service: | 04/05/06 – 10/29/07 | DOL Due Date | 03/21/08 |

### Complete Exemption to Plan Document Granted

I _____ direct Coventry Health Care to process benefits not
    *(Printed name and title)*

allowed under Christopher & Banks, Inc., summary plan document for all services or procedures
identified in the appeal. I understand this is a one-time exemption and applies only to this specific
situation. **Please note that signing the appeal exemption acknowledges that you are aware
charges authorized may not be allowable under the terms of your Stop- Loss Reinsurance.**

_____          _____
        *(Signature)*                            *(Date)*

### Partial Exemption To Plan Document Granted

I _____ direct Coventry Health Care to process benefits not
    *(Printed name and title)*

allowed under Christopher & Banks, Inc., summary plan document for the specific services or
procedures identified below. I understand this is a one-time, exemption and applies only to this
specific situation. **Please note that signing the partial appeal exemption acknowledges that you
are aware charges authorized may not be allowable under the terms of your Stop- Loss
Reinsurance.**

_____          _____
        *(Signature)*                            *(Date)*

Identify the dates of service and/or procedures below:

_____

_____

_____

_____

# Ralph C. Neal
## Christopher & Banks
## Call logs summary for transplant related services

11-29-2005
Spouse called to verify if provider PPO, Provider not in Network: Robert Demott

11-29-2005
Provider not in Network: University of Madison HSP, Madison WI
Member wanted to know what would be the benefit if he went to a non network provider. Need to call member back and advise benefit info not available until 12/01/05. Member requested a call back on Thursday as member concerned because he needs to go for an evaluation to see what is going on with his liver and that this is the only transplant HSP that he is aware of in WI and he may possibly need to have a liver transplant.

12-01-2005
Internal call to CASE MANAGEMENT advised of TRANSPLANT CALL and need to call member and get him connected with clinical. Also noted that member has his eval on 120905 next Friday.

12-02-2005
Client will make an exception for patient to receive transplant services at the University of Wisconsin as indicated in the e-mail below:
Spoke with Mary Madison at Christopher and Banks and they have decided that it is OK for Mr. Neal to go to the out of net facility in Madison, WI ( UW Health University of Wisconsin Hospital) for the liver transplant evaluation. Need signed benefit plan exception letter so that we may begin the negotiation process with the University of Wisconsin.

12-08-2005
Rcvd signed exception letter from client to allow member to receive services at University of Wisconsin for liver transplant evaluation. Clinical advised of update.

03-10-2006
Received a telephone call from Eureka, supervisor with MSR and Nancy, financial counselor for the transplant team (608-263-1505) for quote of transplant benefits. Advised at this point they are considered at PPO level pending reply from client. Nancy states the patient has never been seen at this facility before. States she spoke to him one time and he couldn't make the appointment because of personal conflicts. States Dr. Alexandru Musat is accepting him to the facility and is not a transplant physician but is a GI/Hepatologist who will evaluate him for the potential transplant. Advised the patient's MELD score is 49 at this point. Recommending cert for 6 days (03/10/06 to 03/15/06) per level 1. Cert number given. Notification sent. Cert language given. Advised of the CM name and direct number and fax for inpt stay and for the transplant.

03-10-2006
Clinical received a fax from Beth Carson with Bellin UR (920-433-3500). Copy of H & P and PRIMARY PHYSICIAN: Daniel C. Lemkuil, MD along with chief complaint.

03-15-2006
Received clinical/admit 3/10/06, received via fax.

03-15-2006
Nancy, at Univ of WI HSP and clinics # 608-263-1505; transferred to clinical nurse

CB 000163

03-15-2006
Christine Green/ Email to client/Mary Madison regarding benefits and plan responsibility if exception is done to allow the difference of Network Transplant Provider and PPO provider for covered transplant. Stoploss coverage as well.

03-16-2006
Clinical received faxed clinical from Jessica with University of Wisconsin Hospital UR (606-262-6086) with concurrent review.
Admitted 03/10/06 @1645.
Notes: Received a telephone call from Mary Madison with Christopher and Banks who states they are making an exception for the patient to receive the NTP benefits at University of Wisconsin which is in network w/ FH.

Notes: Received a v-mail from Nancy with University of Wisconsin (608-263-1505) wanting to know if FH had an abstinence policy for transplants. Telephone call to Nancy and advised the policy was for 6 months of sobriety and in a treatment for substance abuse. States Mary Douglas (608-263-2260) is the transplant coordinator.

03-20-2006
Received clinical/admit 3/10/06, received via fax from CARE CENTRIX

03-20-2006
Received clinical/transplant, received via fax from member

03-21-2006 02:51
Received clinical/transplant, received via fax from UW HEALTH,

03-21-2006
Received Client Exception via fax from client.
Transplant Services to be provided at University of Wisconsin; services should be paid at the First Health National Transplant Program level of benefits.

03-22-2006
Mary/ Univ of WI calling regarding admit to facility on 03/10 regarding med necs and clinical received with urgency.

03-22-2006
Received a VM on 03/21/06 @ 1:45pm from Mary Douglas with University of Wisconsin, Madison (608-263-2260). States is in liver and kidney failure and is requesting transplant for both organs. States patient does not have oncology history and no psychiatric problems so they feel he does not need a psych evaluation and clearance. Will remain in hospital until receives transplant.
03/23 received faxed clinical for transplant.

03-23-2006
Clinical review completed for the transplant and non-certed.
Case manager call to Mary Douglas with University of Wisconsin (608-263-2260) and left VM advising of non-cert for the requested Liver/Kidney transplant. Advised of the rationale. Advised of the clinical appeals process. Encouraged a peer to peer with transplant attending physician and the FH Medical Director. 800# given with the direct extension. Advised Mary to notify the attending physician of the non-cert since in the same office.

03-23-2006
Received call that at this time the client would like to reverse the plan exception that was made to cover the PPO facility at the NTP rate. FHR has currently denied liver transplant. The client will get back with us regarding the exception once it is determined what or if any amounts will be allowed

CB 000164

04-04-2006
Telephone call was made to Jessica with University of Wisconsin (608-262-6086) and a voicemail was left recommending cert until 04/06/06. Advised to fax the clinical to the Houston office. Fax number given. Certification number given. Notification sent. Certification language given.

04-17-2006
Telephone call to Jane with University of Wisconsin (608-262-6086) and left voicemail and called Anthony D. Alessandro who states Dr. Lewis Fernandez (608-263-9903) is the attending physician and to call his office. Advised the days after the transplant are being non-certed because the transplants were non-certed. Advised of the clinical appeals process and the peer to peer option.

04-20-2006
Call made by Pam/Bellin/920-433-3644//Member to transfer to rehab 4/21/06 post transplant. Info taken for review.

04-21-2006
Telephone call to Joyce with University of Wisconsin (608-890-9879) MSW. Advised the inpatient rehab was non-certed since the rehab is related to the transplant which was non-certed. She was surprised and stated she did not know the transplant was non-certed. Advised it was non-certed on 03/23/06. Advised the days 03/10/06 to 04/06/06 were certified as medically necessary based on his critical condition but on the 04/07 when the patient had the transplants, which were non-certed, everything including surgery, hospital days, rehab, home health, etc which is related to the transplant would be non-certed. Joyce transferred me to her supervisor Mary Eueing. Repeated everthing for Mary. She wanted to know who was notified the transplants were non-certed. Advised Dr. Daniel Lemkuil, Mary Madison, client's HR, University of Wisconsin Madison, and Dr. Anthony DeAlessendro and the patient were all notified of non-cert. Mary states patient is denying he was told about the transplant being non-certed. Advised that on the 23rd two calls were placed to their facility by Coventry. One was a v-mail left for Mary Douglas concerning the non-cert and reason, how to appeal and to offer a peer to peer. A call was placed later to Nancy in the financial dept with Mary Douglas. She states Mary did get the VM and the doctor was notified and he would not be doing a peer to peer because if the non-cert was based on policy then he would not waste his time. States Mary gave her the VM for her to handle and she was working up figures to give to the patient because he told her his insurance might not covered the transplant and the patient decide he was going to pay for his own transplant. She requests a copy of the non-cert letter so she could show him when she went to talk to him about the cost that his insurance was not paying for the transplant. Requested copy to be faxed to her. Faxed noncert letter, per the notification summary this was accomplished. Place another call to Nancy later and ask if the patient was going to pay for his own transplant. She states, No, that because of his need for a kidney transplant, Medicare would be effective and they would pay for the transplant. Mary Eueing stated she had not heard from anyone the patient's transplant was non-certed and they have been supplying the clinical regularly for the patient. Advised even though the transplant was non-certed the case manager would continue to manage the care of the patient and needed the clinical to keep up with his care. Advised when leaving a v-mail about the non-certed days after the transplant, it was told even though the care was not covered the case manager would still be case managing for the patient and to keep providing clinical. She wanted to know where this message was left. Advised this was left on the clinical request line when giving the non-cert information. States again she was never advised the patient's transplant was non-certed. Mary and Nancy work in another dept from Joyce and Mary. Advised there must have been a break in communication between their departments. Advised they still have the option to appeal the decisions and the right for the attending physician to do the peer to peer. Advised of the medical director's switchboard and to ask for a medical director for a peer to peer. States she didn't see the need in getting this information since it was given before. Advised this was a courtesy reminder of their right to appeal. Advised to call back with any questions.

CB 000165

09-15-2006
Call made by Jane/University of Wisconsin 608-262-6086 she confirms admission is " classic transplant rejection". She has faxed clinical information to case manager. She is aware that transplant was not previously certified and aware that complications related to transplant will not be covered.

10-11-2006
Call made by provider regarding claim # 615119980148 denied as not medically necessary. "Transplant was non-certed by Medical Director on 3/23/06. Had Kidney /liver transplant on 4/7/06 in which the facility states Medicare is covering.

04-10-2007
Christine Green/ client services contacted Mary Madison regarding what was communicated to Mary Volm. Christine sent email to Mary Madison with details.

CB 000166





ENV1P731
2 OF 4

200602345505

# First Health.
### True to life.
3200 Highland Ave.
Downers Grove, IL 60515-1223

REVIEW NOTIFICATION

March 23, 2006

CHRISTOPHER AND BANKS
HR GENERALIST MARY MADISON
 2400 XENIUM LANE NORTH
PLYMOUTH, MN 55441
**************************************
* This is a copy of a notification *
* sent to the patient              *
**************************************

PATIENT: RALPH NEAL
INSURED: RALPH NEAL          First Health ID: 8593548-1
CLIENT: CHRISTOPHER AND BANKS INC          SS#: 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
CLAIMS ADMINISTRATOR:

Dear RALPH NEAL:

Thank you for taking part in the review process. Your employer has
asked First Health to help manage health care costs, and to help make
sure you can make the most of your benefits. In coordination with the
medical necessity provision in your benefit plan, First Health
carefully reviewed the information we received regarding the
days/services listed below. Based on the information available, First
Health has made the following recommendation.

**Review Recommendation:**
UNIVERSITY OF WISCONSIN HOSPITAL AN
50.59 OTHER TRANSPLANT OF LIVER          Dates: 03/23/06-03/23/06
Non-Certified: One unit equals one liver transplant.


Notes: One unit equals one liver transplant.

**Reason for Non-Certification: ( From 03/23/2006 )**
Treatments, procedures, services or supplies, as determined by The
Plan Administrator are expected to be of clear clinical benefit to the
patient, appropriate for the care and treatment of the injury or
illness and conform to the standards of good medical practice as
supported by the applicable medical and scientific literature. The
terms of your benefit plan require that treatments procedures,
services or supplies be medically necessary. Our review has determined
the services to not be medically necessary. Therefore, we are unable
to recommend certification of the proposed services as medically
necessary, as defined under your plan because:The medical necessity of
the planned/proposed services is not supported by the medical
information made available to us.

55.69 OTHER KIDNEY TRANSPLANTATION          Dates: 03/23/06-03/23/06
Non-Certified: ONE UNIT EQUALS ON KIDNEY TRANSPLANT.

CB 000178

Notes: One unit equals on kidney transplant.

**Reason for Non-Certification: ( From 03/23/2006 )**
Treatments, procedures, services or supplies, as determined by The
Plan Administrator are expected to be of clear clinical benefit to the
patient, appropriate for the care and treatment of the injury or
illness and conform to the standards of good medical practice as
supported by the applicable medical and scientific literature. The
terms of your benefit plan require that treatments procedures,
services or supplies be medically necessary. Our review has determined
the services to not be medically necessary. Therefore, we are unable
to recommend certification of the proposed services as medically
necessary, as defined under your plan because:The medical necessity of
the planned/proposed services is not supported by the medical
information made available to us.

| Service Summary to Date | Certified | Non-Certified |
|---|---|---|
| OTHER KIDNEY TRANSPLANTATION | 0 | 1 |
| OTHER TRANSPLANT OF LIVER | 0 | 1 |

You have the right to appeal this decision.  Your appeal must be
submitted within 180 days from the date of receipt of this
notification.  Please see the attachment describing the appeals
process and required authorization release.

Our review recommendation is not a treatment decision. Decisions
regarding treatment are always between the patient and physician.

First Health assists in identifying quality, cost-effective treatment
options, while at the same time respecting the patient-physician
relationship.

The clinical rationale used in making this decision is available in
writing upon request.

Only a First Health Medical Director, who is appropriately
credentialed and qualified, or an independent health professional with
appropriate licensure and credentials, is qualified to make the
noncertification review decision.

This notification does not confirm or verify eligibility for coverage
or payment, nor does it assure coverage under your benefit plan will
be provided.  All decisions relating to eligibility for coverage,
exclusions from coverage, pre-existing condition exclusions, and
payment are the responsibility of your benefit plan.

Sincerely,

First Health

CB 000179

CC: T:NCTN E:8593548-1 R:1868049 N:4207719 C:TYLERDO P:NTP-GH
ANTHONY   D ALESSANDRO MD
DANIEL   LEMKUIL MD
UNIVERSITY OF WISCONSIN HOSPITAL AND CLINICS
HR GENERALIST MARY MADISON
RALPH NEAL

CB 000180



First Health.
True to life.℠

4141 North Scottsdale Road
Scottsdale, AZ 85251
(480) 445-8500
www.firsthealth.com

**Request for Resolution**
**Christopher & Banks, Inc.**
**H5148/PPO Plan 001**

**June 29, 2006**

**\*\*\*\* CONFIDENTIAL \*\*\*\***

| | | | |
|---|---|---|---|
| **Date Appeal Rec'd:** | 06/21/06 | **Patient Name:** | Ralph C. Neal |
| **Date(s) Processed:** | 05/22/06 - 06/06/06 | **Claim Number(s):** | 614219980428 615719980048 |
| **Participant:** | Ralph C. Neal | **Total Billed Charges:** | $13,457.55 |
| **Provider Name:** | Theda Clark Medical Center | **Client Due Date:** | 08/17/06 |
| **Date of Service:** | 05/07/06 | **DOL Due Date:** | 08/20/06 |

**Reason for appeal:**

Mr. and Mrs. Neal are appealing the denial of the ambulance services provided on May 7, 2006.

**Employee/Provider summary (See attached appeal letter):**

The appeal requests that the Plan review the reimbursement and allow reimbursement.

**Comments from research:**

Mr. Neal incurred ambulance services from Theda Clark Medical Center to the University of Wisconsin on May 7, 2006. First Health received the claim and denied the services after it was determined that the services were a direct result of a previously non-certified transplant service. After reviewing the claim it was determined that the claim was processed correctly in accordance with the Plan guidelines for complications as a result of a non-covered surgery. The plan does not cover complications arising from any non-covered surgery or treatment, except as required by law. An adjustment can not be made without a client exception.

The claim was originally denied on May 22, 2006 under claim 614219980428 with the denial reason of "coverage terminated before this expense was incurred." The claim was reprocessed on June 6, 2006 under claim 615719980048 and denied as not medically necessary, based on the non-certification of the transplant services.

**Claims Processing:**

    Billed amount: $13,457.55
    Paid amount : $0

    Member responsibility: $13,457.55
        Amount not covered: $13,457.55
        Total: $13,457.55

CB 000236

FH03 L001
03/05



4141 North Scottsdale Road
Scottsdale, AZ 85251
(480) 445-8500
www.firsthealth.com

Page 2 Neal

**Plan exclusion/limitation:**

"The plan will not provide benefits for any of the items listed in this section, regardless of medical necessity or recommendation of a health care provider. This list is intended to give you a description of expenses for services and supplies not covered by the plan."

• "Complications arising from any non-covered surgery or treatment, except as required by law. "
• "Services, supplies or treatment not medically necessary."

**Impact of Decision (monetary):**

Should you choose to overturn the adverse benefit determination by providing an exemption to the Plan, an approximate 100% benefit level payment in the amount of $13,457.55 would be issued to the provider.

**Recommendation by First Health:**

The original benefit determination should be upheld as the claim was adjudicated according to the Plan guidelines as outlined in the above exclusions.

If you have questions or need additional information, please contact Jacque Schwartz, Supervisor, Corporate Appeals, at 480-445-6804 or JacqueSchwartz@firsthealth.com.

You may e-mail or fax your final determination response to 480-445-4806.

Sincerely,
First Health, Benefits Administration

dc

Appeal dcn 2006172I7001277

Enclosure(s)

CB 000237

FH03 L001
03/05

## Mary Madison

**From:**     Schwartz, Jacque S [JacqueSchwartz@firsthealth.com]
**Sent:**     Monday, July 10, 2006 1:52 PM
**To:**       Mary Madison
**Subject:** appeal info

Hi Mary,

The following information was noted in our clinical notes:

```
Patient was air transported to Theda Clark Medical Center due to a fall with trauma
to the head. Patient had crainiotomy at Theda Clark was intubated, paralyzed,
sedated and placed on vent.  Patient was then transported to the University of
Wisconsin per family's request and Attending Physician who decided the patient
needed to be transferred to the University of Wisconsin due to his recent liver and
kidney transplants.  Theda Clark is a Trauma Center and specialize in head trauma.
Since the transport was needed to transfer the patient to the University of
Wisconsin because of his transplants, the air transport from Theda Clark to the
University is considered transplant related. Patient transferred to Univ. of Wis.
where transplants were done for continuing care since his transplant surgeons would
be available.
```

Please let me know if there is any additional information needed.

Thanks,

Jacque Schwartz
Corporate Appeals Supervisor
First Health / A Coventry Health Care, Inc. Company
4141 N. Scottsdale Rd.
Scottsdale, AZ 85251
480-445-6804 (Direct)
480-445-4806  (Fax)


"MMS <firsthealth.com>" made the following annotations.
-------------------------------------------------------------------------

This message, including any attachments, is intended solely for the use of the named recipient(s) and
may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or
distribution of this communication(s) is expressly prohibited. If you are not the intended recipient,
please contact the sender by
reply e-mail and destroy any and all copies of the original message.

CB 000238

7/11/2006



First Health.
True to life.℠

4141 North Scottsdale Road
Scottsdale, AZ 85251
(480) 445-8500
www.firsthealth.com

Appeal dcn 2006172l7001277

| Date Appeal Rec'd: | 06/21/06 | Patient Name: | Ralph C. Neal |
|---|---|---|---|
| Date(s) Processed: | 05/22/06 - 06/06/06 | Claim Number(s): | 614219980428 615719980048 |
| Participant: | Ralph C. Neal | Total Billed Charges: | $13,457.55 |
| Provider Name: | Theda Clark Medical Center | Client Due Date: | 08/17/06 |
| Date of Service: | 05/07/06 | DOL Due Date | 08/20/06 |

Please use this authorization to instruct First Health of your intent regarding this appeal as well as informing us whether you want to make a one-time, full or partial exemption to your plan document. Your signature and accompanying information will allow us to properly complete this appeal. **In order to comply with the Department of Labor's claims regulations, it is necessary for us to receive your response by August 17, 2006. Please return to: First Health, 4141 N. Scottsdale Rd., Scottsdale, AZ, 85251. Attn: Jacque Schwartz, Supervisor Corporate Appeals or fax to (480) 445-4806.**

## Original Benefit Determination Upheld

I _Mary Madison_____ direct First Health to uphold the initial benefit
*(Printed name and title)*

determination that was made in accordance to Christopher & Banks, Inc., summary plan document.

_Mary Madison_____     _7/11/06_____
Compensation & Benefits Mgr *(Signature)*     *(Date)*

## Original Benefit Determination Overturned

I _____ direct First Health to overturn the initial benefit
*(Printed name and title)*

determination. In accordance to Christopher & Banks, Inc., summary plan document, the following service and/or procedures identified below:

_____

_____

are eligible for reimbursement under the provision which states:

_____

_____

_____

_____     _____
*(Signature)*     *(Date*

CB 000239

FH03 L001
03/05

March 9, 2007

Coventry Health
14955 Heathrow Forest Pkwy
Houston, TX 77032

Attn: Christine Greene

Enclosed is a copy of your EOB for the claim submitted for payment of a bill from Midstate Medical Express in the amount of $647.00.

Your explanation for denial "Benefits denied because the plan provides benefits only for covered services and supplies that are medically necessary as defined by your plan" really tells me **nothing. Please explain this, exactly what are you referring to?**

My husband, Ralph Neal, was transported from Madison, WI to Green Bay, WI flat on his back on a gurney, as he was not able to sit. This was the result of a major fall he had on May 7th, 2006. He was released from the hospital to go to rehab and if you claim this is not medically necessary, was he to stay in the parking ramp until he was well enough to sit for over two hours for the drive back to Green Bay?

I THINK THIS CLAIM MUST BE SEND BACK FOR RECONSIDERATION. We are therefore submitting this **appeal**. Please handle this as soon as possible as you can see this is getting "old"

Sincerely,

Julie Neal, Spouse

CC: Sheri @ Christopher & Banks
Midstate Medical Express

CB 000287

DATE:  4/16/07

TO:    Sheri R.
       Christopher & Banks

       RE: Ralph Neal Account

FROM:  Ralph Neal or Julie Neal or Mary Jane Volm

Comments:  _I am foxing you a copy of an Appeal letter
from March 9th. I came across it today and I
noticed the ✓ by your name. If you don't love it,
please help with this processing. "Fall related"_

TOTAL PAGES:  2

CB 000288





# COVENTRY
### Health Care

March 29, 2007

Ralph Neal                                          Address correspondence to:
4622 Osage Court                                    **Coventry Healthcare**
Green Bay, WI  54313-9531                            P. O. Box 8400
                                                    London, Ky 40742

Participant/Member:     Ralph Neal
Plan Name/Fund No.      Christopher & Banks/H5148
Patient Name(s):        Ralph Neal

Dear Mr. Neal:

We are responding to your request for a copy of the Summary Plan Description.

Request of this nature should be made directly to the plan sponsor,  Christopher & Banks.  This information can be given to the member by their Human Resource or Benefits Department.

If you have any further questions or need additional information, please call our Member Services Department at 1-800-541-1623.

Sincerely,

**Coventry Healthcare,** Benefits Administration
PB

*4/3 Rec'd this letter in reply to our request for a copy of the Summary. When we spoke earlier you agreed that we are entitled to this. Please forward a copy to us immediately.*

*Mary Jane Volm*

14955 Heathrow Forest Pkwy. • Houston, TX 77032

IFH0014    12/06

CB 000289

## Mary Madison

| | |
|---|---|
| **From:** | Green, Christine M [ChristineGreen@firsthealth.com] |
| **Sent:** | Tuesday, April 10, 2007 7:18 PM |
| **To:** | Mary Madison |
| **Cc:** | Flad, Kimberly A |
| **Subject:** | Regarding denied claims/Transplant |

This message is intended only for the use of the addressee and may contain information, which is protected by the HIPAA Privacy Rule 45 CFR Parts 160 and 164. If you are not the intended recipient, you are hereby notified that reading this message beyond this warning or any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately by replying to this e-mail.

Hello Mary,

As always, it was a pleasure speaking with you.

This is a follow up regarding your call on Ralph Neal.

I contacted Mary Volm to discuss several questions she had listed below:

1. Why was the transplant non certified?
2. Why the claims were denied and what provision in the medical plan was used to deny the claims?
3. How can she appeal the denied claims?
4. How she can obtain our clinical rationale since we non certified the transplant ?

To answer her first question, the reason for non certification was based on the review of medical necessity. We were unable to recommend certification of services as medically necessary because the proposed procedure was not supported by the medical information made available to us and therefore it was non certified.

I also explained that they had the right to the clinical rationale used in making this decision upon written request. However, they failed to ever submit a request within 180 days from the date of the notification.

Secondly, the claims were denied based on professional review. Christopher and Banks has contracted with Coventry Health Care to identify and make recommendations regarding the appropriateness and medical necessity of health services. When the claims were received they were denied by professional review since the member did not meet the medical criteria for the services rendered.

I previously discussed the appeal guidelines and explained that the member does have the right to appeal a denied claim and explained that the plan also states that the appeal must be submitted within 180 days of

the denial. Mary stated that she has tried to appeal however we will not be clear as to the reason for denial and she is unclear on how to respond until she understands the specific clinical rationale for the denial. I explained that she had never requested in writing for the clinical rationale and I have stated on numerous occasions that we denied services based on professional review.

Regarding her last question, I can not provide clinical rationale over the phone. On the bottom of each explanation of benefits it states that she may submit this request in writing. Although, I can not guarantee review since the services and denials were over a year. According to the plan you have 180 days to request and appeal or submit request for the medical judgment used in reviewing the claim.

She is also frustrated because there were so many claims denied she wants to make sure she appeals each claim. I offered to fax the claim # of each claim denied up to today's date.

Please let me know if you have any further questions.

Thank you,
Christine

Christine M. Green
Coventry Health Care/Client Service Coordinator
Phone 281-986-8385
Fax 724-741-7328
Email Address: CMGreen@CVTY.com

Email Confidentiality Notice: The information contained in this transmission is confidential, proprietary or privileged and may be subject to protection under the law, including the Health Insurance Portability and Accountability Act (HIPAA). The message is intended for the sole use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are notified that any use, distribution or copying of the message is strictly prohibited and may subject you to criminal or civil penalties. If you received this transmission in error, please contact the sender immediately by replying to this email and delete the material from any computer.

# Mary Madison

**From:** Green, Christine M [ChristineGreen@firsthealth.com]
**Sent:** Tuesday, April 10, 2007 7:18 PM
**To:** Mary Madison
**Cc:** Flad, Kimberly A
**Subject:** Regarding denied claims/Transplant

This message is intended only for the use of the addressee and may contain information, which is protected by the HIPAA Privacy Rule 45 CFR Parts 160 and 164. If you are not the intended recipient, you are hereby notified that reading this message beyond this warning or any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately by replying to this e-mail.

Hello Mary,

As always, it was a pleasure speaking with you.

This is a follow up regarding your call on Ralph Neal.

I contacted Mary Volm to discuss several questions she had listed below:

1. Why was the transplant non certified?
2. Why the claims were denied and what provision in the medical plan was used to deny the claims?
3. How can she appeal the denied claims?
4. How she can obtain our clinical rationale since we non certified the transplant ?

To answer her first question, the reason for non certification was based on the review of medical necessity. We were unable to recommend certification of services as medically necessary because the proposed procedure was not supported by the medical information made available to us and therefore it was non certified.

I also explained that they had the right to the clinical rationale used in making this decision upon written request. However, they failed to ever submit a request within 180 days from the date of the notification.

Secondly, the claims were denied based on professional review. Christopher and Banks has contracted with Coventry Health Care to identify and make recommendations regarding the appropriateness and medical necessity of health services. When the claims were received they were denied by professional review since the member did not meet the medical criteria for the services rendered.

I previously discussed the appeal guidelines and explained that the member does have the right to appeal a denied claim and explained that the plan also states that the appeal must be submitted within 180 days of

CB 000292

the denial. Mary stated that she has tried to appeal however we will not be clear as to the reason for denial and she is unclear on how to respond until she understands the specific clinical rationale for the denial. I explained that she had never requested in writing for the clinical rationale and I have stated on numerous occasions that we denied services based on professional review.

Regarding her last question, I can not provide clinical rationale over the phone. On the bottom of each explanation of benefits it states that she may submit this request in writing. Although, I can not guarantee review since the services and denials were over a year. According to the plan you have 180 days to request and appeal or submit request for the medical judgment used in reviewing the claim.

She is also frustrated because there were so many claims denied she wants to make sure she appeals each claim. I offered to fax the claim # of each claim denied up to today's date.

Please let me know if you have any further questions.

Thank you,
Christine

Christine M. Green
Coventry Health Care/Client Service Coordinator
Phone 281-986-8385
Fax 724-741-7328
Email Address: CMGreen@CVTY.com

Email Confidentiality Notice: The information contained in this transmission is confidential, proprietary or privileged and may be subject to protection under the law, including the Health Insurance Portability and Accountability Act (HIPAA). The message is intended for the sole use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are notified that any use, distribution or copying of the message is strictly prohibited and may subject you to criminal or civil penalties. If you received this transmission in error, please contact the sender immediately by replying to this email and delete the material from any computer.